UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMR MOHSEN, | No. C 09-01426 CRB (DMR) |
| Plaintiff, | **ORDER ON MOTION FOR LEAVE FOR COURT ORDER TO MODIFY PROTECTIVE ORDERS** |
| v. | |
| JOEL MOSS, *et al.*, | |
| Defendants. | |

Before the court is *pro se* Plaintiff Amr Mohsen's Motion for Leave for Court Order to Modify Protective Orders to Allow Access to Documents in Underlying Civil Actions. [Docket Nos. 31, 36 ("motion to modify the protective orders").] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, Plaintiff's motion is DENIED.

**I. Background**

Plaintiff Amr Mohsen, a federal prisoner incarcerated at the Federal Correctional Institution in Safford, Arizona, filed this action for damages based on alleged wrongdoing on the part of several federal and state actors and private individuals involved in his arrest, prosecution and conviction in

*U.S. v. Mohsen*, No. CR-03-00095-WBS.[1] On December 7, 2009, the Honorable Charles R. Breyer stayed the action pending Plaintiff's exhaustion of pre-filing requirements under the Federal Tort Claims Act. [Docket No. 22.] On December 29, 2010, the court granted Plaintiff's motion to file a second amended complaint and continued the stay of this action pending administrative exhaustion. [Docket No. 25.] On June 18, 2012, Plaintiff filed the present motion seeking a court order modifying the stay of this action in order to allow the revision of protective orders in the underlying civil actions *Aptix Corp., et al v. Quickturn Design Systems*, No. C-98-00762-WHA, and *Aptix Corp. v. Quickturn Design Systems*, No. C-96-20909-JF, to allow him expedited access to documents and evidence that Plaintiff claims are relevant to this action. [Docket Nos. 31, 36 ("motion to modify the protective orders").]

The court referred Plaintiff's motion to modify the protective orders, as well as all further discovery, to the undersigned. In his Order of Reference, Judge Breyer modified the stay of this action "to permit discovery and discovery-related modification of protective orders deemed necessary" by the undersigned. [Docket No. 34.]

Plaintiff had previously filed a similar motion before the Honorable William B. Shubb, the presiding judge in *U.S. v. Mohsen*, seeking discovery and modification of the same protective orders to permit him and his counsel to review documents and evidence from those cases that Plaintiff claimed were relevant to his then-pending petition to vacate his convictions. [Docket No. 810 (No. CR-03-00095-WBS).] After he filed that motion, both underlying civil actions were reopened and reassigned to Judge Shubb "for the limited purpose of considering whether to modify the protective orders in them." [Docket Nos. 710 (No. C-98-00762); 278 (No. C-96-20909); 815 (No. CR-03-0095).] On May 29, 2012, Judge Shubb denied Plaintiff's motion for discovery and modification of

---

[1] In that case, following a two-phase jury trial, Plaintiff was found guilty of crimes related to alleged perjury and obstruction of justice in a patent infringement case, including contempt of court, attempted witness tampering, solicitation to commit arson, conspiracy, mail fraud and subornation of perjury. [Docket Nos. 853, CR-03-00095-WBS (Mem. & Order Re: Pet'r's Mot. to Vacate Convictions) 1-2; 523 (Jury Verdict Phase I), 568 (Jury Verdict Phase II).] Plaintiff's criminal charges arose out of events related to earlier patent and antitrust actions brought by his former company, Aptix Corporation ("Aptix"), against its competitor QuickTurn Design Systems ("QuickTurn"), in *Aptix Corp., et al v. Quickturn Design Systems*, No. C-98-00762-WHA and *Aptix Corp. v. Quickturn Design Systems*, No. C-96-20909-JF. (*See* Mem. & Order Re: Pet'r's Mot. to Vacate Convictions 2-3.)

the protective orders on the grounds that Plaintiff had not shown good cause for the requested discovery, and subsequently denied Plaintiff's motion for reconsideration of that order.[2] [Docket Nos. 827, 831 (No. CR-03-00095-WBS).]

## II. Motion to Modify the Protective Orders

In the present motion, Plaintiff seeks an order permitting him to revise the stipulated protective orders in the underlying civil actions so that he may review unspecified documents and evidence he claims are relevant to this action. According to Plaintiff, counsel for QuickTurn and its successor, Cadence Design Systems ("Cadence"), provided the prosecution in his criminal case with numerous documents marked "attorneys' eyes only" pursuant to the protective orders. [Docket No. 32 (Mem. of P. & A.) ¶ 3.] Howrey Simon et al., the law firm that represented Aptix in the civil cases, has dissolved, and its liquidators have confirmed that their files "contain relevant documents from both the patent and the prior anti-trust cases, but they will not grant [Plaintiff] access" to the files without modification of the protective orders. (Mem. of P. & A. ¶ 4.) Accordingly, Plaintiff seeks to revise the protective orders to permit him to review the files. In order to protect the confidentiality of Cadence's proprietary information, Plaintiff proposes that if he finds anything that he would like to publicly use, he will ask Cadence whether the information remains confidential. (Mem. of P. & A. ¶ 3.) Plaintiff asserts that he "believe[s] in good faith" that the information in the documents "will provide or lead to evidence relevant to" the allegations in his second amended complaint. [Docket No. 33 (Decl. of Mohsen, June 14, 2012) ¶ 3.]

Further, Plaintiff asserts that he believes that there is a "significant risk" that the relevant information protected by the protective orders may "disappear or be discarded due to internal document storage and control policies especially with the passage of time," and that the loss of this information would be fatal to some of the causes of action of his complaint. (Decl. of Mohsen ¶ 8.)

## III. Discussion

In light of the fact that the present action is stayed pending administrative exhaustion, the court concludes that Plaintiff has not established his need for the discovery he seeks for several

---

[2] On August 23, 2012, Judge Shubb denied Plaintiff's petition to vacate his convictions. [Docket No. 853, CR-03-00095-WBS.]

3

1 reasons. First, Plaintiff requests a modification of the protective orders in the underlying civil
2 actions, but has provided no information at all about which protected documents he seeks.
3 Moreover, Plaintiff has made no showing that unspecified documents from the underlying civil
4 actions are relevant to his claims in this action. Plaintiff simply asserts that he believes that the
5 information "will provide or lead to evidence relevant to" the allegations in his second amended
6 complaint about false testimony given during his criminal trial, three of his causes of action, and the
7 scope of the alleged conspiracy among certain defendants. Yet he provides no information about
8 *how* the unspecified documents are relevant. In addition, Plaintiff has not established why he needs
9 access to the documents protected by the protective orders at this time. He states that he believes
10 that there is a risk that the documents may disappear or be discarded due to the passage of time, yet
11 provides no information to support this belief. In particular, it appears that Plaintiff has been in
12 contact with Howrey Simon's liquidators regarding the law firm's files, but he has presented no
13 evidence that the documents are in any danger of being discarded. It is not clear from Plaintiff's
14 submissions whether he has asked the liquidators to preserve the materials or whether they have
15 offered to do so. Accordingly, Plaintiff has not made an adequate showing of which documents he
16 seeks, their possible relevance to this action, or any exigent circumstances regarding the
17 preservation of the documents that would justify lifting the stay in this case to permit him to modify
18 the protective orders.

19 Further, even if Plaintiff could identify the documents he seeks and establish their relevance
20 to his claims in this action, as well as show that the documents are in danger of disappearing or
21 being discarded, it appears that this court is not the proper court to determine whether the protective
22 orders at issue should be modified, given that it did not issue them. When determining whether
23 collateral litigants are entitled to modification of a protective order governing documents produced
24 in another action so as to allow them access to the material, the Ninth Circuit has expressed its view
25 that "the *court that issued the protective order* should satisfy itself that the protected discovery is
26 sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will
27 be avoided by modifying the protective order." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d
28 1122, 1132 (9th Cir. 2003) (emphasis added). This is because "[t]he court that issued the order is in

the best position to make the relevance assessment for it presumably is the only court familiar with the contents of the protected discovery."[3] *Id*. This case presents the unusual circumstance that the judge presiding over the underlying civil actions, Judge Shubb, was only recently assigned the cases and did not issue the protective orders at issue. However, given that Judge Shubb also presided over Plaintiff's criminal case, which arose out of events related to the underlying civil actions, it is a reasonable assumption that he has some familiarity with the contents of the protected discovery.

In *Foltz*, the Ninth Circuit set forth the proper procedure to determine how and whether collateral litigants may access protected material produced in another case, including the respective roles each court plays, as follows: once the collateral litigant has made an adequate showing of relevance of the protected discovery to the collateral litigation, the issuing court must then consider other factors, including weighing the "countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Id*. at 1133. However, the issuing court "does not decide whether the collateral litigants will ultimately obtain the discovery materials"; the collateral court must resolve any disputes regarding the ultimate discoverability of specific materials. *Id*. This procedure "preserve[s] the proper role of each of the courts involved: the court responsible for the original protective order decides whether modifying the order will eliminate the potential for duplicative discovery. If the protective order is modified, the collateral courts may freely control the discovery processes in the controversies before them without running up against the protective order of another court." *Id*.

Accordingly, once the stay is lifted, Plaintiff must seek any modification of the protective orders in the underlying patent and antitrust cases from Judge Shubb. If Judge Shubb determines that the protective orders should be modified, then this court will decide the question of the discoverability of the materials in this action. Should Plaintiff learn that the protected documents

---

[3] The *Foltz* court also noted that such a requirement "prevents collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding . . . [s]uch relevance hinges on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." *Foltz*, 331 F.3d at 1132 (citation and quotation marks omitted).

are in imminent danger of destruction, he may apply for an order from this court ordering the liquidators to preserve the documents at issue.

IT IS SO ORDERED.

Dated: December 7, 2012



_____
DONNA M. RYU
United States Magistrate Judge