UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMR MOHSEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOEL MOSS, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C 09-01426 CRB (DMR)<br><br>**ORDER ON MOTION FOR LEAVE FOR COURT ORDER TO ISSUE SUBPOENAS DUCES TECUM** |

Before the court is *pro se* Plaintiff Amr Mohsen's Motion for Leave for Court Order to Issue Subpoenas Duces Tecum. [Docket No. 39 ("motion for subpoenas").] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, Plaintiff's motion is DENIED.

**I. Background**

Plaintiff Amr Mohsen, a federal prisoner incarcerated at the Federal Correctional Institution in Safford, Arizona, filed this action for damages based on alleged wrongdoing on the part of several

federal and state actors and private individuals involved in his arrest, prosecution and conviction in *U.S. v. Mohsen*, No. CR-03-00095-WBS.[1] On December 7, 2009, the Honorable Charles R. Breyer stayed the action pending Plaintiff's exhaustion of pre-filing requirements under the Federal Tort Claims Act. [Docket No. 22.] On December 29, 2010, the court granted Plaintiff's motion to file a second amended complaint and continued the stay of this action pending administrative exhaustion. [Docket No. 25.] On June 22, 2012, the court referred all discovery matters to the undersigned, and modified the stay of this action "to permit discovery . . . deemed necessary" by the undersigned. [Docket No. 34.] Plaintiff filed the present motion seeking a court order issuing subpoenas duces tecum for documents he claims are relevant to this action. [Docket No. 39.]

## II. Motion for Subpoenas

In the present motion, Plaintiff seeks a court order issuing three subpoenas duces tecum; one on Squire, Sanders & Dempsey LLP ("Squire Sanders"), a San Francisco law firm, and two on Danielle Peregory, a former employee of Squire Sanders.[2] The proposed subpoenas seek identical information:

> All documents having any information about or related to the requests of the history prosecution files of the patents no. [sic]: 5,452,231 & 5,544,069 from the U.S. Patent & Trademark Office in 2005, including clients' names, contact information, fee arrangements, and the projects' description for which the requests were made.

Plaintiff asserts the following in support of his request for the subpoenas: prior to Plaintiff's 2005 criminal trial, his counsel was not able to obtain the history prosecution files of the two patents named in the proposed subpoenas from the United States Patent and Trademark Office ("PTO") for various reasons, including the PTO's representation that the files were not available. (Pl.'s Mot. ¶

---

[1] In that case, following a two-phase jury trial, Plaintiff was found guilty of crimes related to alleged perjury and obstruction of justice in a patent infringement case, including contempt of court, attempted witness tampering, solicitation to commit arson, conspiracy, mail fraud and subornation of perjury. [Docket Nos. 853, CR-03-00095-WBS (Mem. & Order Re: Pet'r's Mot. to Vacate Convictions) 1-2; 523 (Jury Verdict Phase I), 568 (Jury Verdict Phase II).] Plaintiff's criminal charges arose out of events related to earlier patent and antitrust actions brought by his former company, Aptix Corporation ("Aptix"), against its competitor QuickTurn Design Systems ("QuickTurn"), *Aptix Corp., et al v. Quickturn Design Systems*, No. C-98-00762-WHA, and *Aptix Corp. v. Quickturn Design Systems*, No. C-96-20909-JF, (*See* Mem. & Order Re: Pet'r's Mot. to Vacate Convictions 2-3.)

[2] Plaintiff seeks to subpoena Ms. Peregory at two different addresses.

2

2.) Plaintiff claims the files contained "critical exculpatory information," and he has since learned that during the period of time when the PTO stated the files were not available, they had been checked out by Danielle Peregory, who was then employed by Squire Sanders. (Pl.'s Mot. ¶¶ 2, 3.) In his second amended complaint, Plaintiff alleges that Defendant Jeffrey Miller, an attorney for QuickTurn, gave false testimony against Plaintiff at Plaintiff's criminal trial and that information in the then-unavailable patent history file for patent no. 5,452,231 ("the '231 patent") contradicted Miller's testimony. Plaintiff asserts that Miller's allegedly false testimony was part of a conspiracy. [Docket No. 40 (Mohsen Decl. ¶ 5, June 29, 2012); 2d Am. Compl. ¶¶ 36, 69.]

Essentially, it appears that Plaintiff believes that the unavailability of the patent history files during his criminal trial may be part of the conspiracy he has alleged in this action. Therefore, Plaintiff seeks to obtain detailed information regarding the law firm's requests for the patent history files, asserting that he believes that the information sought by the subpoenas will "provide or lead to evidence showing whether there are any relationships" between the requests for the '231 patent files during 2005, and some of the Defendants. (Mohsen Decl. ¶ 6.)

The information Plaintiff seeks by means of the subpoenas, including documents regarding the identity of the law firm's clients, a description of the work performed by the firm on their behalf, and fee arrangements, raises serious questions about attorney-client privilege and whether the subpoenas could be quashed on that basis. Moreover, notwithstanding Plaintiff's arguments that the crime-fraud exception to the attorney-client privilege is applicable here (Pls.' Mot. 4, ¶ 3), this action is presently stayed and Plaintiff has failed to show that the information he seeks is necessary at this time. Plaintiff has made no showing of any exigent circumstances that would justify issuing the subpoenas at this time, other than his assertion that he believes that there is a "significant risk" that the relevant information in the requested documents may "disappear or be discarded due to internal document storage and control policies especially with the passage of time." (Mohsen Decl. ¶ 8.) This belief appears to be based on pure speculation, as Plaintiff has not indicated whether he has been in touch with the law firm or Ms. Peregory to determine whether the documents are actually in danger of disappearing or being discarded. Therefore, Plaintiff's motion is denied. Should Plaintiff learn that the documents at issue are in imminent danger of destruction, he may

1 apply for an order from this court ordering their preservation pending the lifting of the stay of this
2 action.

4     IT IS SO ORDERED.

6 Dated: December 7, 2012



DONNA M. RYU
United States Magistrate Judge

4