United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMR MOHSEN,

        Plaintiff,

    v.

JOEL MOSS, *et al.*,

        Defendants.
_____/

No. C 09-01426 CRB (DMR)

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR AN ORDER TO PRESERVE DOCUMENTS**

Before the court is *pro se* Plaintiff Amr Mohsen's Expedited Motion for a Court Order to the Liquidators of Howrey Simon to Preserve Documents. [Docket No. 55 ("motion for an order to preserve documents".] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, Plaintiff's motion is DENIED without prejudice.

**I. Background**

Plaintiff Mohsen, a federal prisoner incarcerated at the Federal Correctional Institution in Safford, Arizona, filed this action for damages based on alleged wrongdoing on the part of several federal and state actors and private individuals involved in his arrest, prosecution and conviction in

1   *U.S. v. Mohsen*, No. CR-03-00095-WBS.[1]  In December 2009, the Honorable Charles R. Breyer
2   stayed the action pending Plaintiff's exhaustion of pre-filing requirements under the Federal Tort
3   Claims Act.  [Docket No. 22.]  On June 18, 2012, Plaintiff filed a motion seeking a court order
4   modifying the stay of this action in order to allow the revision of protective orders in the underlying
5   civil actions *Aptix Corp., et al v. Quickturn Design Systems*, No. C-98-00762-WHA, and *Aptix Corp.*
6   *v. Quickturn Design Systems*, No. C-96-20909-JF, to allow him expedited access to documents and
7   evidence that Plaintiff claims are relevant to this action.  [Docket Nos. 31, 36 ("motion to modify the
8   protective orders").]  The court referred Plaintiff's motion, as well as all further discovery, to the
9   undersigned.

10  In his motion to modify the protective orders, Plaintiff represented that counsel for
11  QuickTurn and its successor, Cadence Design Systems ("Cadence"), provided the prosecution in his
12  criminal case with numerous documents marked "attorneys' eyes only" pursuant to the protective
13  orders.  [Docket No. 32 (Mem. of P. & A. in Supp. of Pl.'s Mot. to Modify Protective Orders) ¶ 3.]
14  According to Plaintiff, Howrey Simon et al., the law firm that represented Aptix in the civil cases,
15  has dissolved, and its liquidators confirmed that their files "contain relevant documents from both
16  the patent and the prior anti-trust cases, but [that] they will not grant [Plaintiff] access" to the files
17  without modification of the protective orders.  (Mem. of P. & A. ¶ 4.)  Accordingly, Plaintiff sought
18  to revise the protective orders to permit him to review the files.

19  On December 7, 2012, this court issued an order denying the motion to modify the protective
20  orders, concluding that Plaintiff had not made an adequate showing of which documents he seeks
21  and their possible relevance to this action.  [Docket No. 49.]  The court also found that Plaintiff had
22  not shown any exigent circumstances regarding the preservation of the documents, such as any

---

[1] In that case, following a two-phase jury trial, Plaintiff was found guilty of crimes related to alleged perjury and obstruction of justice in a patent infringement case, including contempt of court, attempted witness tampering, solicitation to commit arson, conspiracy, mail fraud and subornation of perjury. [Docket Nos. 853, CR-03-00095-WBS (Mem. & Order Re: Pet'r's Mot. to Vacate Convictions) 1-2; 523 (Jury Verdict Phase I), 568 (Jury Verdict Phase II).] Plaintiff's criminal charges arose out of events related to earlier patent and antitrust actions brought by his former company, Aptix Corporation ("Aptix"), against its competitor QuickTurn Design Systems ("QuickTurn"), in *Aptix Corp., et al v. Quickturn Design Systems*, No. C-98-00762-WHA and *Aptix Corp. v. Quickturn Design Systems*, No. C-96-20909-JF.  (*See* Mem. & Order Re: Pet'r's Mot. to Vacate Convictions 2-3.)

evidence that the documents were in danger of being discarded, that would justify lifting the stay in this case to permit him to modify the protective orders. In denying Plaintiff's motion, the court noted that Plaintiff could apply for an order from this court ordering the liquidators to preserve the documents at issue should he learn that the protected documents were in imminent danger of destruction. Plaintiff now moves for such an order.

## II. Discussion

In support of his motion, Plaintiff submitted a declaration in which he asserts that he learned from attorney Marc Zilversmit that Diamond McCarthy LLP, the firm that appears to be handling Howrey Simon's liquidation, is "planning to start to destroy files by March 15 to April 15, 2013." (Decl. of Mohsen, Feb. 4, 2013, ¶¶ 2, 3.) Accordingly, Plaintiff seeks an order directing Diamond McCarthy LLP to preserve the documents covered by the protective orders. However, Plaintiff's declaration about what Mr. Zilversmit was allegedly told at some point by an attorney with Diamond McCarthy LLP is not competent evidence that Diamond McCarthy LLP is a) in possession of the documents at issue and b) that the documents are in imminent danger of destruction. The court grants Plaintiff leave to submit competent evidence to establish these necessary facts. Such evidence could take the form of a sworn declaration by Mr. Zilversmit regarding the information he learned about the documents, or correspondence from Diamond McCarthy LLP confirming their possession of the documents and any plans they have regarding their destruction.

## III. Conclusion

For the above reasons, Plaintiff's motion for an order to preserve documents is denied without prejudice.

IT IS SO ORDERED.

Dated: February 14, 2013



_____
DONNA M. RYU
United States Magistrate Judge

3